### BOEHM v STATE

Ohio Appeals, 2nd Dist, Franklin Co

No 2588.   Decided March 7, 1936

Ralph W. Henney, Columbus, for plaintiff in error.

Carlisle C. Dollings, Columbus, for defendant in error.

## OPINION

By HORNBECK, J.

Error is prosecuted from a judgment of the Court of Common Pleas, Franklin County, Ohio, Division of Domestic Relations, finding plaintiff in error guilty of contempt of court in failing to make payments from August 26, 1933, for the support of his minor child under prior order of the court.

It appears that Fred A. Boehm and Lillian Boehm, formerly husband and wife, were divorced in the Common Pleas Court of Franklin County on February 1, 1918. They had one child, Leona, whose custody was awarded to the mother, the plaintiff, and the father was ordered to pay the sum of $4.00 each and every week for said child until the further order of the court, as provided in a separation agreement which had theretofore been entered into by the parties. Thereafter, on November 30, 1926, on motion the support money was increased to the sum of $20.00 per month, payable $10.00 on the 1st and 15th of each month until the further order of the court, and the entry further provided:

"Said sums to be paid into the Juvenile Court of Franklin County, Ohio, and to be paid out by said Juvenile Court."

The terms of the order were complied with by the defendant until August 13, 1933, when the child of the parties became eighteen years of age. Thereafter, and until the time of the hearing of the charge in contempt in Juvenile Court the plaintiff in error paid nothing whatever into court for the support of his daughter, as provided by the terms of the journal entry.

On March 8, 1935, contempt proceedings were instituted in the Juvenile Court against plaintiff in error, based upon an affidavit of Mrs. Edith Jenkins, the mother of the former Mrs. Boehm, and grandmother of the minor, Leona. Plaintiff in error filed motion to quash the affidavit in contempt for the reason that the signer thereof is without legal authority to institute such proceedings. Plaintiff also filed a demurrer questioning he jurisdiction of the court to hear and determine the contempt proceedings. Both motion and demurrer were overruled. The charge went on to hearing and the defendant was adjudged to be guilty of contempt and in default of payment of the amount found due on the support order was committed to jail. Error is prosecuted to this court, the claimed errors being that the court erred in overruling the motion to quash and the demurrer, and that the finding and judgment is contrary to and not supported by the evidence.

The record is short. It supports the affidavit in contempt to the effect that plaintiff in error had paid nothing whatever under the support order from August 26, 1933, although he was able, by reason of personal earnings and income, so to do.

It further appears that the minor had almost continuously, since the divorce of the parties, lived with her grandmother, Mrs. Jenkins; that she had reared her grandchild and had her actual care and custody.

The brief of counsel for plaintiff in error is directed almost solely to the claim that the proceeding in contempt in this case is civil, as distinguished from criminal contempt, and that it can be based only upon an affidavit made by a party to the suit, namely, in this instance by the mother, who was the plaintiff in the divorce action. The books do recognize two types of contempt proceeding, civil and criminal, and there are certain cases which come clearly within one or the other of these classifications. There are, however, many other cases in which the courts have had difficulty in classifying. We are content to say that the proceeding in the instant cause would probably be classified as civil contempt, although because of the relation of the Juvenile Court to the public welfare this and other cases in some of their aspects might touch the border line of criminal contempt. For instance, if in a case where there had been a support money order the party at whose instance it was made failed, neglected or refused to take

any steps whatever to compel its enforcement, although the child for whose benefit it was made was grossly in need of the benefit of the support money, would a Juvenile Court or any court in which the order was effective have no power to hear and determine a contempt charge grounded upon an affidavit of an investigator from the court or by one who was familiar with the facts? To so hold would give a very limited construction to the power of the court to enforce its own order. However, we are not required to say to what extent, if at all, the Juvenile Court would be limited in accepting an affidavit as a basis for contempt charges in the instant cause. Our only question is whether or not, in view of the facts appearing in this record the grandmother of the minor sustained such relation to her as that she could make an affidavit as a predicate for the contempt proceedings. We are satisfied that she sustained such relation. This would probably be true if the original order had not been modified, but it is certainly true beyond question under the terms of the order of November 30, 1926, upon which the contempt proceedings were grounded. This entry designated no individual to whom the support money should be paid, but directed that it be paid to the Juvenile Court and paid out by the Juvenile Court. The grandmother had such a pecuniary interest in the avails of the support money as that she would be entitled to some, probably all of it. She could as next friend under our statute maintain a suit for and in the name of the minor. In the first instance we would not hesitate to say that she is the one person who, under the law should have the benefit of the support money.

The general rule is stated in **13 C.J., page 59:**

"Proceedings for contempt to enforce a civil remedy and to protect the right of parties litigant should be instituted by the aggrieved parties, or those who succeed to their rights, or some one who has a pecuniary interest in the right to be protected."

It is urged that the record discloses that of the support money which was paid into court the grandmother did not receive any considerable part thereof. The record, is uncertain on this question. Granted, however, that it is true, this would avail the plaintiff in error nothing, because that part of the support money which is under consideration here is that which was due on and after August 26, 1933. If the support money which is yet to be paid will not reach the one to whom it should be paid, then the remedy is by bringing this to the attention of the Juvenile Court, through which it is dispensed, but it is not a defense to a contempt proceeding grounded upon a failure to observe the requirement to pay.

It is further urged that the judgment is against the manifest weight of the evidence. In view of what we have heretofore said this claim is not supported upon the record.

We find no error intervening to the prejudice of plaintiff in error. The judgment will, therefore, be affirmed.

BARNES, PJ, and BODEY, J, concur.